

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed October 26, 2023**

_____
**United States Bankruptcy Judge**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| THE PILL CLUB PHARMACY HOLDINGS, LLC, *et al.*,[1] | § | Case No.: 23-41090-elm11 |
| | § | |
| | § | (Jointly Administered) |
| Debtors. | § | |

### STIPULATED PROTECTIVE ORDER

This Stipulated Protective Order (the "Protective Order") is entered into by and between (i) The Official Committee of Unsecured Creditors (the "Committee") and (ii) Caremark, LLC and Caremark PCS, LLC (collectively, "Caremark" and together the Committee, the "Parties"), by and through their counsel of record, pursuant to Title 45 Code of Federal Regulations Section 164.512(e)(1)(v), in order to facilitate the exchange of information and documents which may be subject to limitations on disclosure due to federal laws, state laws, and privacy rights concerning

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Hey Favor, Inc. (3206), The Pill Club Pharmacy Holdings, LLC (0112), MedPro Pharmacy, LLC (1138), MobiMeds, Inc. (3165), FVR Medical Group, Inc. (6320), FVR Medical Group of New Jersey, PC (2934), FVR Medical Group of Kansas, PA (5449), and FVR Medical Group of Texas, PA (6479). The service address for the Debtors is: 411 Borel Avenue, San Mateo, CA 94402.

the disclosure of confidential medical information, which may be protected from disclosures by privileges, trade secret protections, and/or which may be protected from disclosure on the grounds that the documents or information constitute confidential financial or other proprietary information, that the following should be submitted to the Court for entry in this matter:

## DEFINITIONS

1.  Action: "Action" shall refer to the above-captioned proceeding, *In re The Pill Club Pharmacy Holdings LLC, et al.*, Case No. 23-41090 (ELM) in the United States Bankruptcy Court for the Northern District of Texas Forth Worth Division.

2.  Party: "Party" means the Committee or Caremark, including their respective agents, employees, officers, directors, attorneys, and other representatives.

3.  Counsel: "Counsel" means:

    a. Buchalter, A Professional Corporation, and its respective support staff, employees, or agents who are not employed by a Party and to whom it is necessary to disclose Confidential Material for the purpose of this Action.

    b. Nixon Peabody, LLP, and its respective support staff, employees, or agents who are not employed by a Party and to whom it is necessary to disclose Confidential Material for the purpose of this Action.

    c. Forshey Prostok LLP, and its respective support staff, employees, or agents who are not employed by a Party and to whom it is necessary to disclose Confidential Material for the purpose of this Action.

    d. In-house counsel for either of the Parties.

4.  Discovery Material: "Discovery Material" means all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony,

2

transcripts or tangible things) that are produced or generated in response to discovery directed towards a Party or non-party in this Action, a filing in this Action, or an order by the Court.

5.  Designating Party: "Designating Party" means any Party or non-party that designates materials or disclosures produced or utilized in this Action (by any Party or any third party, pursuant to subpoena or otherwise) as Confidential Material.

6.  Receiving Party: "Receiving Party" means any Party to this Action and all employees, agents, and directors (other than Counsel) of the Party, who receives Discovery Material.

7.  Producing Party: "Producing Party" means a Party or non-party that produces or discloses Discovery Material in this Action.

8.  Conclusion of this Action: "Conclusion of this Action" means the date on which the Action is settled or on which all judicial review and rights to review have been exhausted, whichever is earlier.

9.  Confidential Material: "Confidential Material" means the following: (1) material which has not been made public and includes identifiable information about patients which is subject to the protection of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the applicable requirements of the Standards for Privacy of Individually Identifiable Health Information and its implementing regulations issued by the U.S. Department of Health and Human Services (45 C.F.R. Parts 160-64; HIPAA Privacy Regulations), the California Medical Information Act (codified by California Civil Code Sections 56, *et seq*.), and California Civil Code Section 1798.82, or other similar statutory or regulatory privacy protections; (2) material which has not been made public and which contains proprietary, sensitive financial, customer relationship, or trade secret information; (3) financial, marketing, planning, strategic, investigative, or other internal information, data, analyses, or specifications of a proprietary, confidential or

3

competitive nature; (4) material which has not been made public and which is protected from disclosure by federal or state constitutional, statutory and common law, including, but not limited to, rights of privacy of the Parties and of third parties; and (5) any other category of information hereafter given Confidential Material status by the Court or by agreement of the Parties.

10.    Attorneys' Eyes Only Material: "Attorneys' Eyes Only Material" means material that is of a particularly sensitive nature, consisting of: (1) previously nondisclosed financial information that is of a highly confidential nature and critical to the producing person's competitive edge in the marketplace; (2) information that reveals trade secrets that are of competitive value to the Receiving Party; (3) previously nondisclosed business plans or processes, service or product development information, or marketing plans; and (4) any other category of information hereafter given "Attorneys' Eyes Only" status by the Court or by agreement of the Parties. Except for the provisions of Sections 9 and 19, references to Confidential Material in this Order shall also include references to Attorneys' Eyes Only Material.

11.    Protected Material: "Protected Material" means any Discovery Material, and any document embodying or disclosing the contents of such Discovery Material, that is designated as Confidential Material in accordance with the terms of this Stipulated Protective Order.

12.    Redacted Material: "Redacted Material" means a portion or items in Discovery Material that is redacted by a Party due to a Party's good faith belief that the information redacted is privileged, particularly confidential, sensitive or proprietary commercial or financial information.

13.    Disclosure: "Disclosure" or "Disclose(d)" means to reveal, divulge, give, or make available materials, or any part thereof, or any information contained therein.

14.    Protected Health Information: "Protected Health Information" or "PHI" means protected health information as defined in 45 CFR § 160.103.

4

15. <u>Testimony</u>: "Testimony" means all depositions, declarations or other testimony taken or used in this Proceeding.

**THIS STIPULATED ORDER CONSTITUTES A QUALIFIED PROTECTIVE ORDER UNDER 45 C.F.R. 164.512(e)**

16. The Parties expressly understand and agree that certain documents and information relevant to the claims and defenses in this Action may contain medical information, including protected/personal health information ("PHI"), regarding or relating to individuals who have a privacy interest in such information and that disclosure thereof would be contrary to the law and public interest. The Parties also understand and agree that such documents and information may be subject to the Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. Parts 160 and 164, promulgated pursuant to the Health Insurance Portability and Accountability Act ("HIPAA") or other similar statutory or regulatory privacy protections. The Parties agree that, once adopted, this Stipulated Protective Order will constitute a Qualified Protective Order under 45 C.F.R. 164.512(e).

17. <u>Criteria for Classification</u>: Any Party or non-party who produces Discovery Material in this Action may designate such material as Confidential Material in accordance with the provisions of this Stipulated Protective Order so long as they believe in good faith that the information so designated meets the definition of Confidential Material set forth in this Stipulated Protective Order. The Parties will make all reasonable efforts to designate as Confidential Material any documents or information concerning PHI.

18. <u>Time of Designation</u>: Unless otherwise agreed between counsel for the parties, or as otherwise specified herein, the designation of Discovery Material as Confidential Material shall be made at the following times:

a. For documents or things: if designated by the Producing Party as Confidential Material, at the time of the production of the documents or things; if designated by a Designating Party other than the Producing Party, within 15 days of the date the Designating Party received the production;

b. For declarations, correspondence, expert witness reports, written discovery responses, court filings, pleadings, and other documents: at the time of the service or filing, whichever occurs first;

c. For testimony: at the time such testimony is given by a statement designating the testimony as Confidential Material made on the record or within 10 days after receipt of the transcript of the deposition as set forth herein.

19. <u>Manner of Designation</u>: The designation of Discovery Material as Confidential Material shall be made in the following manner:

a. For documents, by placing the notation "Confidential" or similar legend on each page or portion of such document. For documents produced in native format, the producing party will provide a Bates-stamped cover page indicating the document was produced in native format, and the cover page shall be marked with the "Confidential" designation;

b. For tangible things, by placing the notation "Confidential" on the object or container thereof or if impracticable, as otherwise agreed by the Parties;

c. For declarations, correspondence, expert witness reports, written discovery responses, filings with the court, pleadings, and any other documents containing Confidential Material, by placing the notation "Confidential" both on the face of such document and on any designated pages of such document; and

6

   d. For testimony, by orally designating such testimony as being "Confidential" at the time the testimony is given or by giving written notice to all Parties within 10 days after receipt of the transcript of a deposition.

20. Inadvertent Disclosure:

   a. Protected Material not designated as Confidential Material prior to disclosure through mistake or inadvertence shall nevertheless be deemed Confidential Material upon notice of such mistake to the Receiving Party. Each Party maintaining custody of such documents shall protect their confidentiality notwithstanding the fact that they have not been marked "Confidential."

   b. Where a Producing Party has inadvertently produced a document that the Producing Party later claims should not have been produced because of attorney-client privilege, attorney work product privilege, or any other applicable privilege under state or common law, or due to the highly-confidential and/or trade secret status of the information, Producing Party shall not be held to have waived any rights by such inadvertent production and it shall be without prejudice to any claim that such item is not Protected Materials. The Producing Party may request the return of any such document by making a written request within twenty (20) business days of discovering that it was inadvertently produced. A request for the return of any document shall identify the document by Bates number and the basis for asserting the document (or portions thereof) is privileged and the date of discovery of the inadvertent production. If a Producing Party requests the return of any such document from another Party, the Party to whom the request is made shall within five (5) business days return to the Producing Party all copies of the document within its possession, custody, or control (including but not limited to all copies in possession of any experts or consultants) or shall contest the claim of privilege or inadvertent production. In the event the Receiving Party contests

the claim of privilege or inadvertent production, the Receiving Party may file and serve a motion or other application acceptable by the Court to determine that the document is not privileged. Until such a judicial determination is made, the alleged privileged document shall be afforded privileged status and the Producing Party shall have the exclusive right to possession of the contested documents. After being notified, the Receiving Party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The Producing Party must preserve the information until the claim is resolved. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony or Information, such law shall govern.

  c. Nothing in paragraph (b) shall supersede the duties of the parties to immediately inform the Producing Party of the receipt of inadvertently disclosed privileged material.

21. <u>Use in This Action Only</u>: All Confidential Materials in this Action are private and confidential and shall be used by the Receiving Party or its Counsel only for the prosecution or defense of this Action. In the event any Confidential Materials are Ordered to be produced in any matter between any Party and a third party or parties, the party subject to such an Order shall provide the other Party with reasonable notice of the Order.

22. <u>If, after execution of this Stipulated Protective Order, any Protected Materials submitted by a Designating Party under the terms of this Stipulated Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by this Stipulated Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such materials to the immediate attention of the Designating Party.</u>

23.     <u>This Stipulated Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulated Protective Order to any Protected Materials by that Party. If the Designating Party uses Protected Materials in a non-Confidential manner, then the Designating Party shall advise that the designation no longer applies.</u>

24.     <u>Disclosure of Confidential Material to Qualified Persons</u>: Protected Material designated as Confidential Material may be disclosed and copies may be provided by the Receiving Party to any of the following "qualified persons":

    a.     Individual employees, officers, or directors of a Receiving Party, but only to the extent that Counsel for the Receiving Party determines in good faith that the employee's assistance is reasonably necessary to the conduct of the Action;

    b.     Counsel, as defined above;

    c.     Paralegal, secretarial, and clerical employees of Counsel representing any Party in the Action;

    d.     The Court and the Court's staff whose duties require access to information lodged or filed in connection with the Action;

    e.     Any non-party support services including, but not limited to, stenographers, reporters, other persons involved in recording or transcribing testimony in the Action; employees of copying, microfilming, or other services engaged to reproduce, scan, or store Protected Materials in the Action;

    f.      Experts and consultants retained or consulted by Counsel concerning the Action and the employees of any such expert or consultant who are assisting in the work for which the expert or consultant is engaged;

    g.     Persons who prepared the Protected Materials;

  h. Directors, officers, and employees of the Designating Party; and

  i. Any other person as to whom the Parties agree in writing.

25. <u>Disclosure of Attorneys' Eyes Only Material to Qualified Persons</u>: Protected Material designated as "Attorneys' Eyes Only" may be disclosed and copies may be provided by the Receiving Party to any of the following "qualified persons":

  a. Counsel representing any party to the Action;

  b. Paralegal, secretarial, and clerical employees of Counsel representing any Party in the Action;

  c. The Court and the Court's staff whose duties require access to information lodged or filed in connection with the Action;

  d. Any non-party support services including, but not limited to, stenographers, reporters, other persons involved in recording or transcribing testimony in the Action; employees of copying, microfilming, or other services engaged to reproduce, scan, or store Protected Materials in the Action;

  e. Experts and consultants retained or consulted by counsel concerning the Action and the employees of any such expert or consultant who are assisting in the work for which the expert or consultant is engaged;

  f. Persons who prepared the Protected Materials;

  g. Directors, officers, and employees of the Designating Party; and

  h. Any other person as to whom the Parties agree in writing.

26. <u>Redactions</u>: A Party may produce Discovery Material as Redacted Material if the Designating Party believes in good faith the redactions are necessary to protect particularly sensitive, confidential, proprietary, commercial, or financial information, as well as information

protected by the attorney client, work product, or other applicable privilege. The Receiving Party may require a privilege log in the event such redactions occur and may make an appropriate motion for an Order to produce unredacted materials if the Receiving Party believes in good faith that no privilege applies to the Redacted Material.

27.     <u>Providing Copies of the Stipulated Protective Order to Qualified Persons</u>: It shall be the responsibility of Counsel to provide copies of this Stipulated Protective Order to qualified persons receiving Protected Material, and to maintain compliance with this Stipulated Protective Order by qualified persons.

28.     <u>Additional Authorized Disclosure</u>: Notwithstanding any other provisions of this Stipulated Protective Order, Protected Material may be disclosed and copies may be provided:

    a.     To persons who can be shown from the face of the document to have authored, prepared, or received the Protected Material;

    b.     To any other persons with the prior written consent of the Designating Party that designated the Protected Material as Confidential Material;

    c.     To any other persons with the prior authorization of the Court; and

    d.     To any other persons who have previously seen such Protected Material.

29.     <u>Objections to Designation</u>: During the pendency of this Action, any Party objecting to the designation of any Discovery Materials as Confidential Material or Redacted Material may, shall advise counsel for the Designating Party, in writing, of such objections, the specific Documents, Testimony or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Designating Party shall have thirty (30) days from receipt of the written Designation Objections to either (a) agree in writing to de-designate Documents, Testimony or Information pursuant to any or all of the Designation Objections

and/or (b) file a motion with the Court seeking to uphold any or all designations on Documents, Testimony or Information addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Documents, Testimony or Information at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its designation.

30.     <u>Objections to Redactions:</u> During the pendency of this Action, any Party objecting to redaction of Discovery Material may raise such objection by submitting a letter to the Court. Within five (5) business days after filing of such letter or email, the Designating Party may submit a responsive letter explaining the reason for the redaction.

## USE OF PROTECTED MATERIAL

31.     The Parties agree to fully cooperate with each other in ensuring that Discovery Materials that are subject to the Stipulated Protective Order are not disclosed. The Parties therefore agree that Protected Material shall be held in confidence by the Receiving Party, shall be used only by persons permitted access to it under this Stipulated Protective Order, shall not be disclosed by the Receiving Party to any Party or person not entitled under the terms of this Stipulated Protective Order to have access to such material, and shall not be used for any purpose other than in connection with this Action.

32.     Protected Material may be used in testimony or offered into evidence at any hearing, used to support or oppose any motion, or used to prepare for and conduct discovery in this Action, subject to this Stipulated Protective Order. If Protected Material is used in testimony or offered into evidence at any hearing in the Action, the Party offering such testimony or evidence shall notify the Court of the confidential nature of such information, and the Court shall maintain such

papers in confidence, to be used only by the Court for the purpose of this Action. The Party identifying such Confidential Material may do so by giving written notice to all Parties within ten (10) business days of receipt of a transcript of any hearing in this Action.

33.     Nothing in this Stipulated Protective Order shall affect the admissibility into evidence of Confidential Material, or to pursue other. This Stipulated Protective Order is without prejudice to any Party seeking an Order imposing further restrictions on the dissemination of Confidential Material. Nothing in this Stipulated Protective Order shall prevent any Designating Party from using or disclosing its own Confidential Material as it deems appropriate.

34.     The designation of Discovery Material as Confidential Material by a Party or the failure by a Party to object to the designation of Discovery Material as Confidential Material shall not be deemed a conclusive determination or admission that such material constitutes a trade secret of the Producing Party.

35.     Nothing herein shall be construed to prevent disclosure of Protected Material if such disclosure is required by law. However, if another court or administrative agency subpoenas or orders production of Protected Material that a Party has obtained under the terms of this Stipulated Protective Order, such Party shall promptly notify the Designating Party of the pendency of the subpoena or order by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the subpoena, otherwise oppose production of the Protected Material, and/or seek to obtain confidential treatment of such materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the subpoena may not produce any Protected Materials pursuant to the subpoena prior to the date specified for production on the Subpoena.

## RETURN OR DESTRUCTION OF DOCUMENTS OR INFORMATION

36. No later than sixty (60) days after Conclusion of the Action, each Receiving Party or other individuals subject to this Stipulated Protective Order shall be under an obligation to destroy or return to the Designating Party any Protected Material subject to this Stipulated Protective Order that is in his or her possession, custody or control, including all copies thereof. Notice of the destruction or return of any such Protected Material shall be made by Counsel in writing, and notice of receipt thereof shall be acknowledged in writing. Notwithstanding the foregoing provisions of this Paragraph, receiving Counsel shall be entitled to retain all litigation documents containing Protected Material which become part of this Action's record, including pleadings, briefs, and exhibits.

## RIGHT TO FURTHER RELIEF

37. Nothing in this Stipulated Protective Order shall abridge the right of any person to seek modification or amendment of this Stipulated Protective Order from the Court.

## RIGHT TO ASSERT OTHER OBJECTIONS

38. This Stipulated Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, or other grounds for not producing Discovery Material.

## SURVIVAL

39. All obligations and duties arising under this Stipulated Protective Order shall survive the termination of this Action. The Court shall retain jurisdiction over the parties hereto and all non-party recipients of Protected Material with respect to any dispute regarding the improper use of Protected Material disclosed pursuant to this Stipulated Protective Order.

## VIOLATION OF PROTECTIVE ORDER

40. Any intentional violation of this Stipulated Protective Order may subject the offending Party or non-party to such additional and further remedies as may be available to the aggrieved Party or non-party.

## AMENDMENT OF PROTECTIVE ORDER

41. This Stipulated Protective Order may be amended by the written stipulation of the Parties or by the Court upon a showing of good cause.

42. Any Party to the Action who has not executed this Stipulated Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulated Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Stipulation and Protective Order.

## EXECUTION AND COUNTERPARTS

43. This Stipulated Protective Order may be executed in one or more identical counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Facsimile or electronically scanned signatures of any Party shall be deemed originals.

**STIPULATED AND AGREED BY:**

NIXON PEABODY LLP

_____
Richard C. Pedone (admitted *pro hac vice*)
John E. Murray (admitted *pro hac vice*)
Exchange Place
53 State Street
Boston, MA 02109

Telephone: (617) 345-1200
rpedone@nixonpeabody.com
jmurray@nixonpeabody.com

-and-

FORSHEY & PROSTOK, LLP

/s/ Jeff P. Prostok

Jeff P. Prostok
State Bar No. 16352500
Emily S. Chou
State Bar No. 24006997
Dylan T.F. Ross
State Bar No. 24104435
Forshey & Prostok LLP
777 Main St., Suite 1550
Ft. Worth, TX 76102
Telephone: (817) 877-8855
Facsimile: (817) 877-4151
jprostok@forsheyprostok.com
echou@forsheyprostok.com
dross@forsheyprostok.com

*Counsel to Caremark, LLC and Caremark PCS, LLC*

BUCHALTER, A Professional Corporation

/s/ Caroline R. Djang

Caroline R. Djang, Esq.
(Cal. Bar No. 216313)
Jeffrey K. Garfinkle, Esq.
(Cal. Bar No. 153496)
BUCHALTER, A Professional Corporation
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612
Telephone: (949) 760-1121
jgarfinkle@buchalter.com
cdjang@buchalter.com
*Counsel for the Official Committee of Unsecured Creditors*

16