DAVID W. PARHAM (SBN 15459500)
ESTHER A. MCKEAN (SBN 24122145)
**AKERMAN LLP**
2001 Ross Avenue, Suite 3600
Dallas, TX  75201
Telephone:  (214) 720-4300
Email:  david.parham@akerman.com
          esther.mckean@akerman.com


JEFFREY K. GARFINKLE (CA SBN 153496)
CAROLINE R. DJANG (CA SBN 216313)
**BUCHALTER, A Professional Corporation**
18400 Von Karman Avenue, Suite 800
Irvine, CA  92612-0514
Telephone: 949.224.6252
Email:  jgarfinkle@buchalter.com
          cdjang@buchalter.com

**COUNSEL FOR THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| THE PILL CLUB PHARMACY HOLDINGS, LLC, *et al.*,[1] | ) Case No. 23-41090 (ELM) |
| | ) (Jointly Administered) |
| Debtors. | ) Adv. No. |
| | ) |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE STATE OF CALIFORNIA, | ) |
| | ) |
| Defendant. | ) |

---

[1] The debtors in these chapter 11 cases (collectively, the "Debtors" or "The Pill Club"), along with the last four digits of each Debtor's federal tax identification number, are:  (i) Hey Favor, Inc. (3206) (ii) The Pill Club Pharmacy Holdings, LLC (0112); (iii) MedPro Pharmacy, LLC (1138); (iv) MobiMeds, Inc. (3165); (v) FVR Medical Group, Inc. (6320); (vi) FVR Medical Group of New Jersey, PC (2934); (vii) FVR Medical Group of Kansas, PA (5449); and (viii) FVR Medical Group of Texas, PA (6479).  The service address for the Debtors is:  411 Borel Avenue, San Mateo, CA 94402.

1

73855244;1

**COMPLAINT FOR AVOIDANCE AND
RECOVERY OF TRANSFERS
PURSUANT TO 11 U.S.C. §§ 547 AND 550**

The Official Committee of Unsecured Creditors (the "Committee" or, the "Plaintiff") for the Debtors, complains and alleges as follows:

**NATURE OF THE ACTION**

1. On April 18, 2023 (the "Petition Date"), the Debtors and their corporate affiliates each filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (defined *infra*) in the United States Bankruptcy Court for the Northern District of Texas.

2. At the time of the Petition Date, the Pill Club was the nation's largest online provider of contraceptives, offering over 120 brands of birth control, emergency contraceptives, and female condoms to patients across the country.

3. On or within ninety (90) days before the Petition Date (the "Preference Period"), the Debtors made transfers of interests of the Debtors in property to creditors, including the State of California (the "Defendant").

4. The transfers made by the Debtors to the Defendant, and to other entities, constitute avoidable preferential transfers under the Bankruptcy Code.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334.

6. This adversary proceeding is commenced pursuant to Rules 7001 *et seq.* of the Federal Rules of Bankruptcy Procedure and Sections 547, 549, and 550 of 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code").

7. Venue in this Court is proper pursuant to 28 U.S.C. § 1409 as this adversary proceeding arises under and in connection with a case under Title 11 which is pending in this District.

8. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A), (F), and (O).

///

**PARTIES**

9. On May 4, 2023, the Office of the United States Trustee ("UST") filed its *Appointment of the Official Unsecured Creditors Committee* [ECF No. 116], which appointed Veru Inc. ("Veru"), Mayne Pharma Commercial LLC, (f/k/a Mayne Pharma Inc.), and McKesson Corporation ("McKesson") as the Official Committee of Unsecured Creditors in the Debtors' bankruptcy cases. The UST subsequently filed an *Amended Appointment of the Official Unsecured Creditors Committee* [ECF No. 117], appointing only Veru and McKesson.

10. On September 13, 2023, the court entered its *Order Approving Stipulation to Authorize the Official Committee of Unsecured Creditors to Prosecute Certain Avoidance Actions with Modifications* [ECF No. 486] (the "Stipulation"), which granted the Committee standing to prosecute, on behalf of the Debtors' estates, avoidance actions against various transferees.

11. The Defendant was a creditor of the Debtors during the Preference Period and is one of three transferees specifically listed in the Stipulation against whom the Committee is authorized to pursue avoidance actions.

**STATEMENT OF FACTS**

12. Prior to the Petition Date, on March 28, 2019, a *qui tam* action was filed against FVR Medical, TopCo, MobiMeds, and MedPro (together, the "Debtor Parties") in Sacramento County Superior Court captioned *The State of California ex rel. Happy Baumann and Cindy Swintelski v. The Pill Club Medical Group, Inc*., et al., Case No. 34-2019-00253324, alleging business practices claims amounting to violations of the Insurance Frauds Prevention Act, California Insurance Code section 1871.7 (the "Qui Tam Action").

13. On January 18, 2023, the Qui Tam Action was resolved pursuant to two settlement agreements entered into with the Defendant (together, the "Settlement Agreements"). Pursuant to the Settlement Agreements, the Debtors paid $3.275 million to the California Department of Insurance and $15 million to the California Department of Justice (the "Transfers"). The Settlement Agreements explicitly provide that there was no finding of wrongdoing on the part of the Debtors or any other defendant in the Qui Tam Action.

73855244;1

14. The Debtors filed their respective Statements of Financial Affairs on June 13, 2023. The Statement of Financial Affairs for Debtor Hey Favor, Inc. (Case 23-41091-elm11) [Doc. 12] reveals the following transfers or payments to Defendants within ninety (90) days of the Petition Date:

| | | | | | |
|---|---|---|---|---|---|
| 3.47 | STATE OF CA, DEPT OF JUSTICE<br>P.O. BOX 944255<br>SACRAMENTO, CA 94244 | 1/19/2023<br>SUBTOTAL | | $15,000,000.00<br>$15,000,000.00 | OTHER, LITIGATION SETTLEMENT |
| 3.7 | CALIFORNIA DEPARTMENT OF INSURANCE<br>300 CAPITOL MALL<br>17TH FLOOR<br>SACRAMENTO, CA 95814 | 1/19/2023<br>SUBTOTAL | | $3,275,000.00<br>$3,275,000.00 | OTHER, LITIGATION SETTLEMENT |

15. By virtue of the Settlement Agreements, the Defendant was a creditor of the Debtors' estates prior to the Petition Date.

16. On January 19, 2023, eighty-nine (89) days prior to the Petition Date, the Transfers were made from one or more of the Debtors' bank accounts to the Defendant in the total amount of $18.725 million.

## FIRST CLAIM FOR RELIEF
### [FOR AVOIDANCE OF PREFERENTIAL TRANSFER – 11 U.S.C. § 547]

17. The Committee re-alleges and incorporates by reference each and every allegation set-forth in paragraphs 1 through 16, inclusive, as though full set forth herein.

18. The Transfers were made to or for the benefit of the Defendant; a creditor of the Debtors' bankruptcy estates.

19. The Transfers were for or on account of an antecedent debt owed by the Debtors before the Transfers were made.

20. The Transfers were made while the Debtors were insolvent.

21. The Transfers, as shown above, were made on or within the 90 days before the date of the filing of the petition.

22. The Transfers enabled the Defendant to receive more than Defendant would otherwise receive if: (a) the Debtors' bankruptcy cases were filed under Chapter 7 of the Bankruptcy

Code; (b) the Transfer had not been made; and (c) Defendant received payment of such debt to the extent provided by provisions of the Bankruptcy Code.

23. The Transfers are avoidable pursuant to 11 U.S.C. § 547(b).

24. The Committee is entitled to an order and judgment under 11 U.S.C. § 547 avoiding the preferential Transfers.

## SECOND CLAIM FOR RELIEF

## [FOR RECOVERY OF PROPERTY – 11 U.S.C. § 550]

25. The Committee re-alleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 24, inclusive, as though fully set forth herein.

26. The Committee, based on information and belief, alleges that the Defendant was the initial transferee of the Transfers, or the entity for whose benefit the Transfers were made, or is the immediate or mediate transferee of the initial transferee receiving such Transfers, or any of them.

27. Pursuant to 11 U.S.C. § 550(a), the Debtors' estates is entitled to recover the Transfers, together with interest thereon, as set forth above.

## REQUEST FOR RELIEF

**WHEREFORE**, the Committee requests a judgment on this Complaint, as it may be amended from time to time, as follows:

1. For avoidance of the Transfers;

2. For recovery from the Defendant by the Debtors' estates of the amount of the Transfers;

3. For recovery of attorneys' fees, interest, and costs, and

4. For such other and further relief as the Court deems just and proper.

DATED: December 1, 2023

By: _/s/    David W. Parham_
David W. Parham (SBN 15459500)
Esther A. McKean (SBN 24122145)
AKERMAN, LLP
2001 Ross Avenue, Suite 3600
Dallas, TX  75201
Telephone:  (214) 720-4300
david.parham@akerman.com
esther.mckean@akerman.com

-and-

By: /s/ *Caroline R. Djang*
Caroline R. Djang, Esq.
(Cal. Bar No. 216313)
BUCHALTER, A Professional Corporation
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612
Telephone: (949) 760-1121
jgarfinkle@buchalter.com

Co-Counsel for the Official Committee
of Unsecured Creditors

73855244;1